IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CT-3009-H

DAVID HAROLD JOHNSON,

    Plaintiff,

v.

                                      **ORDER**

STATE OF NORTH CAROLINA and
MICHAEL HICKS,

    Defendants.

Plaintiff, a state inmate proceeding pro se, brings this action under 42 U.S.C. § 1983 [DE #1]. Plaintiff has been granted leave to proceed without prepayment of fees [DE #6]. This matter is now before the court on frivolity review, and plaintiff's motion for temporary restraining order [DE #4].

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of

infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (internal quotation marks omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff is incarcerated at Maury Correctional Institution in Hookerton, North Carolina. Plaintiff appears to be challenging a traffic stop which occurred prior to his arrest, asserting that plaintiff was "racially profiled." (Compl. 3). Plaintiff seeks a trial by jury, court costs and attorney fees, and $800,000 in punitive damages. (Compl. 4).

2

The Eighth Amendment protects prisoners from "cruel and unusual punishments" and from "deprivations" that are "suffered during imprisonment." Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Plaintiff's complaint does not state any facts to provide an "arguable basis" for relief under § 1983 because he complains about a traffic stop before he was imprisoned. See Neitzke, 490 U.S. at 325. Furthermore, plaintiff is challenging his incarceration pursuant to the same allegations of racial profiling in this district as a habeas case before Senior Judge James C. Fox, case number 5:13-HC-2067-F. Thus, even under the liberal pro se pleading standard, his complaint is without merit.

In sum, the court DISMISSES plaintiff's action as frivolous. Plaintiff's motion for temporary restraining order is DISMISSED as moot[DE #4]. The clerk shall close the case.

This 16TH day of April 2014.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#33